THOMAS E. MOSS
UNITED STATES ATTORNEY
RAFAEL M. GONZALEZ, JR.
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WELLS FARGO BANK CENTER
877 WEST MAIN STREET, SUITE 201
BOISE, IDAHO  83702
TELEPHONE:  (208) 334-1211
**MAILING ADDRESS:**
  **BOX 32**
  **BOISE, IDAHO  83707-9990**

U.S. COURTS

2002 MAY 17  P 12: 06

FILED

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) **CR - 02   94  S BLW** |
| | ) |
| Plaintiff, | ) Case No. _____ |
| | ) |
| vs. | ) |
| | ) |
| | ) **INDICTMENT** |
| FRANCISCO HERRERA-CEJA, | ) |
| AUDELIA CEJA-GUTIERREZ, | ) **18 U.S.C. § 371** |
| RODRIGO HERRERA-CEJA, | ) **18  U.S.C. § 1546(a)** |
| HUMBERTO HERRERA-CEJA, | ) **18 U.S.C. § 981(a)(I)(C)** |
| PIER HERRERA-CEJA, | ) **28 U.S.C. § 2461(c)** |
| LUCIA HERRERA-CEJA, | ) **42 U.S.C. § 408(a)(7)(C)** |
| JAVIER CHAVEZ-HERRERA, | ) **8 U.S.C. § 1324(a)(1)** |
| JORGE CHAVEZ-HERRERA, and | ) **8 U.S.C. § 1324(b)** |
| JUAN PABLO CEJA-HERRERA, | ) **18 U.S.C. § 1956(a)(1)** |
| | ) **18 U.S.C. § 982(a)(1)** |
| Defendants. | ) **18 U.S.C. § 1956(h)(1)** |
| | ) **18 U.S.C. § 2** |
| | ) |

**The Grand Jury charges:**

**INDICTMENT - 1**

## COUNT ONE

### Conspiracy
### 18 U.S.C. § 371

### THE CONSPIRACY AND ITS OBJECTS

Beginning on a date uncertain, but approximately as early as May of 2000, and through the date of this Indictment, in the District of Idaho, and elsewhere, the defendants, **Francisco Herrera-Ceja, Audelia Ceja-Gutierrez, Rodrigo Herrera-Ceja, Humberto Herrera-Ceja, Pier Herrera-Ceja, Lucia Herrera-Ceja, and Javier Chavez-Herrera**, knowingly and willfully conspired and agreed together and with each other, and with other persons both known and unknown to the grand jury but not named herein, to commit offenses against the United States, that is,

    a.    the possession and transfer of forged, counterfeited and falsely made alien registration receipt cards, knowing that cards were forged, counterfeited and falsely made, in violation of Title 18, United States Code, Sections 1028 and 1546(a);

    b.    the possession with intent to sell and sale of counterfeit social security cards, knowing that the cards were forged, fraudulent, and falsely made, in violation of Title 42, United States Code, Section 408(a)(7)(C); and

    c.    the transfer of false identification documents purportedly issued by and under the authority of the United States, knowing that such identification card documents were false and produced without lawful authority, in violation of Title18, United States Code, Section 1028(a)(2).

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Idaho and elsewhere:

On or about April 26, 2000, in the District of Idaho, the defendant, **Rodrigo Herrera-Ceja**, spoke with an individual known to the grand jury regarding the purchase of counterfeit identification documents. **Rodrigo Herrera-Ceja** told the individual that he would need two photographs and the cost would be $140.

On or about May 2, 2000, the same individual met with **Humberto** and **Rodrigo Herrera-Ceja,** and gave **Rodrigo** the requested photographs and check number 1106, which was drawn on the Bank of America and which **Rodrigo Herrera-Ceja** made out to himself for the sum of $140. The check was later deposited in the Francisco Herrera d/b/a La Mexicana account at First Bank of Idaho on May 4, 2000.

On or about May 11, 2000, **Rodrigo Herrera-Ceja** called the same individual to say that the fraudulent identification documents were ready and to pick them up at his house, which is located at 601 a/k/a 604 Pine Street, Bellevue, Idaho, hereinafter "the Pine Street residence."

On or about May 15, 2000, the same individual went to the Pine Street residence, as directed by **Rodrigo Herrera-Ceja** and obtained a fraudulent social security card and alien registration receipt card from **Audelia Ceja-Gutierrez**. The fraudulent alien registration receipt card displayed the image which had been provided to **Rodrigo Herrera-Ceja** on May 2, 2000, and both cards were in the name of Jose Garcia Macias.

On or about June 27, 2000, at the La Mexicana store, 400 North Main Street, Hailey, Idaho, an individual known to the grand jury spoke with **Lucia Herrera-Ceja** regarding the

INDICTMENT - 3

purchase of fraudulent identification documents. **Lucia Herrera-Ceja** informed the individual that he had to wait until **Rodrigo Herrera-Ceja** returned.

On or about June 29, 2000, the same individual contacted **Javier Chavez-Herrera** at the La Mexicana store and told him that he had previously purchased fraudulent identification documents from **Rodrigo Herrera-Ceja** and that he wanted to purchase another set of documents. **Chavez-Herrera** replied that he could get more and that working with him was just like working with **Rodrigo. Chavez-Herrera** stated that he normally charged $150 but would accept $140, the sum that was previously paid to **Rodrigo Herrera-Ceja**. The individual gave **Chavez-Herrera** $50 in U.S. currency and was told that he could pay the balance by check. The individual gave **Chavez-Herrera** two photographs for use in the fraudulent manufacture of the identification documents.

On or about July 13, 2000, the same individual went to the La Mexicana store and attempted to pick up the previously ordered fraudulent identification documents. **Francisco Herrera-Ceja** gave the individual **Javier Chavez-Herrera's** cellular telephone number, so the individual could deal directly with **Chavez-Herrera**.

On or about July 20, 2000, the same individual went to the La Mexicana store and spoke with Manuela Herrera-Regalado, who called **Javier Chavez-Herrera**, then handed the telephone to the individual. **Chavez-Herrera** told the individual to come to his residence in Bellevue to pick up the fraudulent identification documents. **Chavez-Herrera** provided directions to his residence.

Later that same day, the same individual went to the southwest corner of Fifth and Birch Streets in Bellevue, **Chavez-Herrera's** residence, and met with **Chavez-Herrera**, who gave the

individual a fraudulent alien registration receipt card and a fraudulent social security card, both in the name of Jorge Gonzales Torres. The individual paid, as previously agreed, the balance with check number 1108, which was drawn on the Bank of America and made payable to and later endorsed by **Javier Chavez,** for the sum of $90.

On or about September 26, 2000, an individual known to the grand jury called the La Mexicana to inquire about the purchase of fraudulent identification documents. The individual asked for **Javier Chavez-Herrera**. Manuela Herrera-Regalado gave the individual the telephone number where **Rodrigo** and **Humberto Herrera-Ceja** were employed. The individual called the number and talked to **Humberto** about purchasing the fraudulent documents. **Humberto** told the individual to drop off photographs, biographical data, and payment in an envelope at the La Mexicana store. The employee at the store, **Humberto** said, would then order the documents at a cost of $300, or $140 for an older version.

On or about September 27, 2000, the same individual met **Rodrigo Herrera-Ceja** who directed the individual to **Javier Chavez-Herrera,** by providing **Javier's** cellular telephone number. The individual then called and later met with **Javier Chavez-Herrera** and gave **Chavez-Herrera** check number 1119, which was drawn on the Bank of America and made out to and later endorsed by **Javier Chavez**, for the sum of $100. The individual provided **Chavez-Herrera** with two photographs and biographical data, as previously instructed by **Humberto Herrera-Ceja**, which was to be used in the manufacture of the fraudulent documents. The check was thereafter deposited in the Francisco Herrera d/b/a/ La Mexicana account at the First Bank of Idaho.

**INDICTMENT - 5**

On or about October 13, 2000, **Javier Chavez-Herrera** called the same individual to say that the fraudulent identification documents were ready.

On or about October 17, 2000, the same individual met **Javier Chavez-Herrera** at his residence in Bellevue . **Chavez-Herrera** provided a fraudulent social security card and an alien registration receipt card in the name of Benito Gallegos-Perez to the individual. **Chavez-Herrera** wrote out to himself one of the individual's checks numbered 1152, which was drawn on the Bank of America, for the sum of $40. The check was later endorsed by **Chavez-Herrera** and deposited thereafter in the Francisco Herrera d/b/a/ La Mexicana account at the First Bank of Idaho.

On or about April 12, 2001, an individual known to the grand jury went to the La Mexicana store to inquire about purchasing fraudulent identification documents. The individual was waited on by **Lucia Herrera-Ceja.** The individual indicated his desire to purchase fraudulent identification documents. **Herrera-Ceja** called **Pier Herrera-Ceja** who said he could not do it now. The woman then called **Javier Chavez-Herrera,** who directed them to write the full name and date of birth on the back of photographs and leave them at the store. The total cost, he said, was $140. The individual wrote an un-numbered check out to La Mexicana for the sum of $100, which was drawn on the Farmer's National Bank, and gave it to **Lucia Herrera-Ceja.** The check was deposited in the Francisco Herrera d/b/a La Mexicana account at US Bank on April 16, 2001.

On or about April 21, 2001 and April 22, 2001, the same individual went to the La Mexicana store and spoke with **Lucia Herrera-Ceja** to inquire about the previously ordered

individual a fraudulent alien registration receipt card and social security card both in the name of Trino Garica Juarez.

All in violation of Title 18 United States Code, Section 371.

## COUNT TWO

### False Immigration Documents
### 18 U.S.C. §§ 1546(a), 2

Between on or about April 26, 2000, and May15, 2000, in the District of Idaho, the defendants, **Rodrigo Herrera-Ceja** and **Audelia Ceja-Gutierrez** did knowingly possess, and aid and abet the possession of, a forged, counterfeited and falsely made Alien Registration Receipt card bearing number A093658910, in the name of Jose Garcia-Macias, knowing the card to have been forged, counterfeited and falsely made, in violation of Title 18, United States Code, Sections 2 and 1546(a).

## COUNT THREE

### Sale of Fraudulent Social Security Card
### 42 U.S.C. § 408(a)(7)(C), 18 U.S.C. § 2

Between on or about April 26, 2000, and May 15, 2000, in the District of Idaho, the defendants, **Rodrigo Herrera-Ceja** and **Audelia Ceja-Gutierrez,** did knowingly possess with intent to sell and did sell, and aid and abet the possession and sale of, a counterfeit Social Security card, that is, a Social Security card in the name of Jose Garcia Macias, bearing number 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, knowing that the card was forged, fraudulent, and falsely made, in violation of Title 42, United States Code, Section 408(a)(7)(C) and Title 18, United States Code, Section 2.

## COUNT FOUR

### False Immigration Documents
### 18 U.S.C. § 1546(a)

Between on or about June 29, 2000, and July 20, 2000, in the District of Idaho, the

defendant, **Javier Chavez-Herrera**, did knowingly possess a forged, counterfeited and falsely

made Alien Registration Receipt card, bearing number A094762438, in the name of Jorge

Gonzales Torres, knowing the card to have been forged, counterfeited and falsely made, in

violation of Title 18, United States Code, Section 1546(a).

## COUNT FIVE

### Sale of Fraudulent Social Security Card
### 42 U.S.C. § 408(a)(7)(C)

Between on or about June 29, 2000, and July 20, 2000, in the District of Idaho, the

defendant, **Javier Chavez-Herrera**, did knowingly possess with intent to sell and did sell a

counterfeit Social Security card, that is, a Social Security card in the name of Jorge Gonzales

Torres bearing number 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, knowing that the card was forged, counterfeited and falsely

made, in violation of Title 42, United States Code, Section 408(a)(7)(C).

## COUNT SIX

### False Immigration Documents
### 18 U.S.C. §§ 1546(a), 2

Between on or about September 26, 2000, and October 17, 2000, in the District of Idaho,

the defendants, **Javier Chavez-Herrera, Humberto Herrera-Ceja and Rodrigo Herrera-**

**Ceja,** did knowingly possess, and aid and abet the possession of, a forged, counterfeited and

falsely made Alien Registration Receipt card bearing number A093658910, in the name of

Benito Gallegos-Perez, knowing the card to have been forged, counterfeited and falsely made, in violation of Title 18, United States Code, Sections 2 and 1546 (a).

## COUNT SEVEN

### Sale of Fraudulent Social Security Card
### 42 U.S.C. § 408(a)(7)(C), 18 U.S.C. § 2

Between on or about September 26, 2000, and October 17, 2000, in the District of Idaho, the defendants, **Javier Chavez-Herrera, Humberto Herrera-Ceja and Rodrigo Herrera-Ceja,** did knowingly possess with intent to sell and did sell, and aid and abet the possession and sale of, a counterfeit Social Security card, in the name of Benito Gallegos Perez, bearing number 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, knowing that the card was forged, counterfeited and falsely made, in violation of Title 42, United States Code, Section 408(a)(7)(C) and Title 18, United States Code, Section 2.

## COUNT EIGHT

### False Immigration Documents
### 18 U.S.C. §§ 1546(a), 2

Between on or about April 12, 2001, and May 2, 2001, in the District of Idaho, the defendants, **Javier Chavez-Herrera and Lucia Herrera-Ceja,** did knowingly possess a forged, counterfeited and falsely made Alien Registration Receipt card, bearing number A094802173, in the name of Henry Isla-Mejico-Rudy, knowing the card to have been forged, counterfeited and falsely made, in violation of Title 18, United States Code, Sections 2 and 1546(a)

## COUNT NINE

### Sale of Fraudulent Social Security Card
### 42 U.S.C. § 408(a)(7)(C), 18 U.S.C. § 2

Between on or about April 12, 2001, and May 2, 2001, in the District of Idaho, the defendants, **Javier Chavez-Ceja and Lucia Herrera-Ceja**, did knowingly possess with intent to

sell and did sell, and aid and abet the possession and sale of, a counterfeit Social Security card, that is, a Social Security card in the name of Rudy Henry Isla Mejico, bearing number 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, knowing that the card was fraudulent and falsely made, in violation of Title 42, United States Code, Section 408(a)(7)(C) and Title 18, United States Code, Section 2.

## COUNT TEN

### False Immigration Documents
### 18 U.S.C. §§ 1546(a), 2

Between on or about May 11, 2001, and May 30, 2001, in the District of Idaho, the defendant, **Pier Herrera-Ceja** and **Audelia Ceja-Gutierrez**, did knowingly possess, and aid and abet the possession of, a counterfeited and falsely made alien registration receipt card, that is, an alien card bearing number A094152638, in the name of Trino Garcia-Juarez, knowing that the card was fraudulent and falsely made, in violation of Title 18, United States Code, Sections 2 and 1546(a)

## COUNT ELEVEN

### Sale of Fraudulent Social Security Card
### 42 U.S.C. § 408(a)(7)(C), 18 U.S.C. § 2

Between on or about May 11, 2001, and through May 30, 2001, in the District of Idaho, the defendants, **Pier Herrera-Ceja** and **Audelia Ceja-Gutierrez** did knowingly possess with intent to sell and did sell, and aid and abet the possession and sale of, a counterfeit Social Security card, that is, a Social Security card in the name of Trino Garcia Juarez, bearing number 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, knowing that the card was fraudulent and falsely made, in violation of Title 42, United States Code, Section 408(a)(7)(C) and Title 18, United States Code, Section 2.

## COUNT TWELVE

### Conspiracy to Smuggle Aliens
### 8 U.S.C. § 1324(a)(1)(A)(v)

Beginning on a date unknown to the grand jury but approximately as early as May of 2000, and continuing through the date of this indictment, the defendants, **Francisco Herrera-Ceja, Humberto Herrera-Ceja, Rodrigo Herrera-Ceja, Pier Herrera-Ceja, Javier Chavez-Herrera, Juan Pablo Ceja-Herrera and Jorge Chavez-Herrera**, did knowingly conspire and agree together and with each other, and with other persons both known and unknown to the grand jury but not named herein, to commit offenses against the United States, and attempt to commit offenses against the United States, that is,

    a.    to bring aliens into the United States, in any manner whatsoever, for the purpose of private financial gain, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter and reside in the United States, and regardless of any official action which might later be taken with respect to such aliens, in violation of Title 8, United States Code, Section §1324(a)(1)(A)(i); and

    b.    to transport and move, for the purpose of private financial gain, aliens within the United States by means of transportation, or otherwise, knowing and in reckless disregard of the fact that such aliens had come to, entered, and remained in the United States in violation of law, with said conduct done in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

All in violation of Title 8 United States Code, Sections 1324(1)(A)(v) and 1324(1)(A)(v)(I)

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the District of Idaho and elsewhere:

In April of 2000, the family of an individual known to the grand jury arranged with **Javier Chavez-Herrera** to have the individual, an alien who is a native and citizen of Mexico, brought into and transported within the United States in violation of the law for a cost of approximately $1,000, which was paid to **Chavez-Herrera** at the La Mexicana store.

Thereafter, the individual traveled to the Mexico - United States border and arranged with a "coyote" to guide him, along with other aliens, across the border illegally, at a time and place other than as designated by the Immigration and Naturalization Service ("INS").

Once across the border the individual was transported to a "safe house" in Phoenix, Arizona, by unknown persons.

In approximately April of 2000, **Javier Chavez-Herrera**, in fulfillment of the agreement he made with the individual's family met with the individual and transported him and other aliens who were brought to and remained in the United States illegally by motor vehicle, from Arizona to Idaho, knowing and in reckless disregard of the fact that said aliens were not lawfully in the United States, thereby helping the aliens remain in the United States unlawfully. At an unknown date thereafter, the individual returned to Mexico.

In approximately November of 2000, the same individual traveled to the Mexico - United States border and arranged with a "coyote" to guide him, along with other aliens, across the border illegally, at a time and place other than as designated by the INS.

Once across the border the individual was transported to a "safe house" in Phoenix, Arizona, by unknown persons.

On or about November 7, 2000, **Javier Chavez-Herrera**, met with the same individual and transported him, and other aliens, who were brought to and remained in the United States illegally, by motor vehicle, from Arizona to Idaho, knowing and in reckless disregard of the fact that said aliens were not lawfully in the United States, thereby helping the aliens remain in the United States unlawfully. The individual paid a $700 fee to **Chavez-Herrera** be so transported by **Chavez-Herrera**. At an unknown date thereafter, the individual returned to Mexico.

In late January or early February of 2001, the same individual arranged with **Juan Pablo Ceja-Herrera** and **Humberto Herrera-Ceja**, to be brought into and transported within the United States in violation of the law for a fee.

Thereafter, the individual traveled to the Mexico - United States border and arranged with a "coyote" to guide him along with a large group of aliens, across the border illegally, at a time and place other than as designated by the INS for a fee.

Once across the border, the alien were transported to a "safe house" in Tucson, Arizona, by unknown persons. For a fee, the individual and other aliens were transported from the Tucson safe house to a motel in Phoenix, Arizona, by a person known as "Joel."

At the motel in Phoenix, the same individual met with **Humberto and Pier Herrera-Ceja**, as previously agreed, and **Pier Herrera-Ceja** transported the individual and other aliens by motor vehicle, knowing and in reckless disregard of the fact that they were not lawfully in the United States, from Arizona to Idaho, thereby helping the aliens remain in the United States unlawfully, for a cost of $700. They arrived in Idaho on or about February 3, 2001.

**INDICTMENT - 14**

On or about February 5, 2001, the same individual went to the La Mexicana store and paid **Juan Pablo Ceja-Herrera** $500; the payment was in the form of a check number three, which was drawn on the Farmer's National Bank and made payable to La Mexicana. Arrangements were made to talk to **Pier Herrera-Ceja** to pay the $200 remaining balance at a later time. The check was deposited in the Francisco Herrera d/b/a La Mexicana account at the First Bank of Idaho on February 12, 2001.

On or about February 15, 2001, the individual went to the La Mexican store to make the final payment for his smuggle. The individual wrote out check number seven, which was drawn on the Farmer's National Bank, in the amount of $200, and made payable to La Mexicana. The check was given to **Francisco Herrera-Ceja**. The check was deposited in the Francisco Herrera d/b/a La Mexicana account at the First Bank of Idaho on February 20, 2001.

On or about March 8, 2001, an individual known to the grand jury with **Francisco Herrera-Ceja** at the La Mexicana store regarding smuggling the individual's nephew, an alien, from Mexico to Idaho in violation of the law. **Herrera-Ceja** provided instructions on how he could arrange the smuggle for the individual at a cost of $1400. The individual gave **Herrera-Ceja** $700 in the form of check number 1155, which was drawn on the First Security Bank and made payable to La Mexicana. The check was deposited in the Francisco Herrera and Humberto Herrera joint account at the First Bank of Idaho on March 9, 2001.

Thereafter, the nephew went to a hotel in Agua Prieta, Mexico, and met with persons described in **Francisco Herrera-Ceja's** instructions. A dispute arose, however, and the nephew decided to find an alternate means of crossing the border rather than risk crossing with the group from the hotel.

Once in the United States, the nephew spoke with **Francisco Herrera-Ceja** over the telephone. **Herrera-Ceja** instructed the nephew to go to a location in Phoenix, Arizona, where his ride to Idaho would be waiting. The nephew did as instructed and met with **Pier Herrera-Ceja** and **Jorge Chavez-Herrera**, who together with another male, transported the individual and other aliens by motor vehicle, from Arizona to Idaho, knowing and in reckless disregard of the fact that they were not lawfully in the United States, thereby helping the aliens remain in the United States unlawfully. The nephew and other aliens arrived in Idaho on or about March 19, 2001.

All in violation of Title 8, United States Code, Sections 1324(1)(A)(v).

## COUNT THIRTEEN

### Transporting Aliens
### 8 U.S.C. § 1324(a)(1)

In or about April of 2000, the defendant, **Javier Chavez-Herrera**, knowing and in reckless disregard of the fact that an alien, Jose Manuel Martinez-Macias, had come to, entered and remained in the United States in violation of the law, did knowingly transport and move said alien within the United States by means of motor vehicle, for the purpose of private financial gain and in furtherance of the alien's violation of the law, that is, the defendant drove the alien from Arizona to Idaho, in violation of Title 8, United State Code, Section 1324(a)(1)(A)(ii)

## COUNT FOURTEEN

### Transporting Aliens
### 8 U.S.C. § 1324(a)(1)

In or about November of 2000, the defendant, **Javier Chavez-Herrera**, knowing and in reckless disregard of the fact that an alien, Jose Manuel Martinez-Macias, had come to, entered and remained in the United States illegally, did transport and move said alien within the United States by means of motor vehicle, for the purpose of private financial gain and in furtherance of the alien's violation of the law, that is, the defendant drove the alien from Arizona to Idaho, in violation of Title 8, United State Code, Section 1324(a)(1)(A)(ii)

## COUNT FIFTEEN

### Transporting Aliens
### 8 U.S.C. § 1324(a)(1), 18 U.S.C. § 2

In or about January and February of 2001, the defendants, **Francisco Herrera-Ceja, Juan Pablo Ceja-Herrera, Humberto Herrera-Ceja, Javier Chavez-Herrera**, and **Pier Herrera-Ceja**, aiding and abetting one another, knowingly and in reckless disregard of the fact that an alien, Jose Manuel Martinez-Macias, had come to, entered and remained in the United States illegally, did transport such alien within the United States by means of motor vehicle, for the purpose of private financial gain and in furtherance of the alien's violation of the law, that is, driving the alien from Arizona to Idaho, in violation of Title 8, United State Code, Section 1324(a)(1)(A)(ii) and Title 18, United States Code, Section 2.

### COUNT SIXTEEN

### Transporting Aliens
### 8 U.S.C. § 1324(a)(1), 18 U.S.C. § 2

In or about March of 2001, the defendants, **Francisco Herrera-Ceja, Jorge Chavez-Herrera** and **Pier Herrera-Ceja**, aiding and abetting one another, knowing and in reckless disregard of the fact that an alien, Juan Manuel Marin-Velasco, had come to, entered and remained in the United States illegally, did transport said alien within the United States by means of motor vehicle, for the purpose of private financial gain and in furtherance of the aliens violation of the law, that is, driving the alien from Phoenix, Arizona, to Idaho, in violation of Title 8, United State Code, Section 1324(a)(1) and Title 18, United States Code, Section 2.

### COUNT SEVENTEEN

### Conspiracy to Launder Money
### 18 U.S.C. § 1956(h)

### THE CONSPIRACY AND ITS OBJECTS

Beginning on an unknown date, but existing at least between the dates of mid-1997 and the filing of this indictment, in the District of Idaho and elsewhere, the defendants, **Francisco Herrera-Ceja, Audelia Ceja-Gutierrez, Rodrigo Herrera-Ceja, Humberto Herrera-Ceja, Pier Herrera-Ceja, Lucia Herrera-Ceja, Javier Chavez-Herrera, Juan Pablo Ceja-Herrera and Jorge Chavez-Herrera,** did combine, conspire, confederate and agree with one another and with other persons, known and unknown to the Grand Jury, to commit certain offenses against the United States in violation of 18 U.S.C. § 1956, namely, to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activities, that is, the felonious importing, receiving, concealing,

buying, selling and otherwise dealing in controlled substances, transfer of forged, counterfeited and falsely made immigration documents, sale of counterfeit social security cards, and illegal bringing into the United States, transporting and smuggling of aliens, (1) with the intent to promote the carrying on of said specified unlawful activities, and (2) knowing that such transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activities, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(i) and (B)(i).

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the defendants and their co-conspirators committed, and caused to be committed, in the District of Idaho and elsewhere, overt acts, including the receipt of the proceeds of specified unlawful activities as alleged herein, in the form of currency and checks, the transfer and delivery of the currency to **Francisco Herrera-Ceja** and the La Mexicana store/check-cashing business, and deposit of the checks to the Francisco Herrera d/b/a La Mexicana accounts at the First Bank of Idaho and U.S. Bank, said overt acts including but not limited to the acts set forth in Count One and Count Twelve and the violations charged in Counts One through Sixteen, above.

All in violation of 18 U.S.C. § 1956(h).

## COUNT EIGHTEEN

### Forfeiture for Violations of 8 U.S.C. § 1324(a)
### 8 U.S.C. § 1324(b)

The defendants, **Francisco Herrera-Ceja,  Humberto Herrera-Ceja, Rodrigo Herrera-Ceja, Pier Herrera-Ceja, Javier Chavez-Herrera, Juan Pablo Ceja-Herrera and Jorge Chavez-Herrera**, from their commission of the violations of 8 U.S.C. § 1324, alleged in this Indictment, shall forfeit to the United States any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of said violations and the gross proceeds of said violations, including any and all property traceable to such conveyance or proceeds; these interests include, but are not limited to, including but not limited to the following:

A.    Cash Proceeds:  At least $ 1,000,000.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which constituted proceeds of the charged offenses, and was subsequently expended, spent, distributed or otherwise disposed of by the defendants.

B.    Real Property and Proceeds thereof:

All right, title and interest in land and all appurtenances and improvements, including buildings and residences, more fully described below:

1. All of that certain parcel of land located at 1021 Snowflake Drive, Hailey, Idaho, and described as:

Lot 8 in Block 35 of WOODSIDE SUBDIVISION FINAL PLAT NO. 8, according to the official plat thereof, recorded as Instrument No. 151025, records of Blaine County, Idaho.

2. All of that certain parcel of land located at 160 Labrador Lane, Hailey, Idaho, and described as:

Lot 7 in Block 2 of SOUTHERN STAR ACRES SUBDIVISION, according to the official plat thereof recorded as Instrument No. 449137, records of Blaine County, Idaho.

C.    Bank Accounts:

1.   U.S. Bank
     Account name: Francisco Herrera, dba La Mexicana
     Account No. _____-___-_____-3614 (entire number omitted for privacy
                               protection).

**Substitute Assets**

If any of the properties and interests described above as being subject to forfeiture, as a

result of any act or omission of the defendants:

1. Cannot be located upon the exercise of due diligence;

2. Has been transferred or sold to, or deposited with, a third person;

3. Has been placed beyond the jurisdiction of the court;

4. Has been substantially diminished in value; or

5. Has been commingled with other property which cannot be subdivided without

difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c),

21 U.S.C. § 853(p) and 18 U.S.C. § 982(b), to seek forfeiture of any other property of the said

defendants up to the value of the forfeitable properties and interests herein.

## COUNT NINETEEN

### Forfeiture of Proceeds for Violations of 18 U.S.C. § 1546(a)
### 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

The defendants **Francisco Herrera-Ceja, Audelia Ceja-Gutierrez, Rodrigo Herrera-**

**Ceja, Humberto Herrera-Ceja, Pier Herrera-Ceja, Lucia Herrera-Ceja, and Javier**

**Chavez-Herrera**, from their commission of the violations of 18 U.S.C. § 1546(a), alleged in this

Indictment, shall forfeit to the United States any and all property, real and personal, which

constitutes or is derived from proceeds traceable to said violations, as to which property the

defendants are jointly and severally liable; these interests include, but are not limited to, the

defendants' interests in the property which is described in Count Eighteen, above, including

substitute assets, which is re-alleged and incorporated herein.

### COUNT TWENTY

#### Forfeiture for Violations of 18 U.S.C. § 1956(a)(1)
#### 18 U.S.C. § 982(a)(1)

The defendants **Francisco Herrera-Ceja, Audelia Ceja-Gutierrez, Rodrigo Herrera-**

**Ceja, Humberto Herrera-Ceja, Pier Herrera-Ceja, Lucia Herrera-Ceja, Javier Chavez-**

**Herrera, Juan Pablo Ceja-Herrera and Jorge Chavez-Herrera**, from their commission of the

violations of 18 U.S.C. § 1956(h), alleged above, shall forfeit to the United States any and all

property, real and personal, involved in such violations, and any property traceable to such

property, as to which property the defendants are jointly and severally liable; these interests

include, but are not limited to, the defendants' interests in the property which is described in

Count Eighteen, above, including substitute assets, which is re-alleged and incorporated herein.

**DATED** this _____ day of May, 2002.

THOMAS E. MOSS
United States Attorney
By:


RAFAEL M. GONZALEZ, JR.
Assistant United States Attorney


ANTHONY G. HALL
Assistant United States Attorney

**A TRUE BILL:**

_Jill Springer_
FOREPERSON

rmg\indict.fhc.wpd Version: 5/13/02

**INDICTMENT - 23**

# CRIMINAL COVERSHEET

**DEFENDANT'S NAME:**   Juan Pablo CEJA-Herrera

**DEFENDANT'S
STREET ADDRESS:**

**DEFENSE ATTORNEY:**
Address

Telephone No.:
**INVESTIGATING
AGENCY & AGENT:**   S/A Jim Hilverda (FBI)
(208) 733-5720
S/A Greg Gleason (IRS)
(208) 334-1000

**Juvenile:**   No

**Service
Type:**   Warrant/**SECRET**

**Interpreter:**   Yes
If yes, language: Spanish

CR - 0 2    9 4   S BLW

---

**CASE INFORMATION:** (List any miscellaneous, magistrate, CVB or other related defendants/case numbers.)
N/A

---

## CRIMINAL CHARGING INFORMATION

| _ Complaint | YES Indictment | _ Information | _ Superseding Indictment |
|---|---|---|---|
| YES Felony | __Class A Misdemeanor | _ Class B or C Misdemeanor (Petty Offense) | |
| County of Offense: Blaine | Estimated Trial Time:   10-12 Days | | |

| TITLE/SECTION | COUNTS | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(v) | 12 | Conspiracy to Smuggle Aliens | Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment |
| 8 U.S.C. § 1324(a)(1) | 15 | Transporting Aliens | Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment |
| 18 U.S.C. §§ 2, 1956(h) | 17 | Conspiracy to Launder Money | Max. 20 yrs. prison and/or $500,000; 2-3 yrs supervised release; $100 special assessment |
| 8 U.S.C. §§ 1324(a), (b) | 18 | Forfeiture | Forfeiture of assets and property derived from proceeds traceable to violations of 8 U.S.C. §1324 |

| TITLE/SECTION | COUNT | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| 18 U.S.C. § 982(a)(1) | 20 | Money Laundering Forfeiture | Forfeiture of assets and property derived from money laundering activities in violation of 18 U.S.C. §§ 1956(h) |

Date:   May _____, 2002

AUSA: Rafael M. Gonzalez, Jr.
Telephone No.:  (208) 334-1211

# ●CRIMINAL  COVERSHEET ●

**DEFENDANT'S NAME:**   Jorge CHAVEZ-Herrera

**Juvenile:**   No

**DEFENDANT'S STREET ADDRESS:**

**Service Type:**   Warrant/**SECRET**

**Interpreter:**   Yes
If yes, language: Spanish

**DEFENSE ATTORNEY:**
Address

CR - 0 2    9 4   S BLW

Telephone No.:
**INVESTIGATING AGENCY & AGENT:**   S/A Jim Hilverda (FBI)
                                     (208) 733-5720
                                     S/A Greg Gleason (IRS)
                                     (208) 334-1000



**CASE INFORMATION:** (List any miscellaneous, magistrate, CVB or other related defendants/case numbers.)
N/A

## CRIMINAL  CHARGING  INFORMATION

| _ Complaint | YES  Indictment | _ Information | _ Superseding Indictment |
|---|---|---|---|
| YES  Felony | ___Class A Misdemeanor | _ Class B or C Misdemeanor (Petty Offense) | |
| County of Offense:  Blaine | | Estimated Trial Time:   10-12 Days | |

| TITLE/SECTION | COUNTS | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(v) | 12 | Conspiracy to Smuggle Aliens | Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment |
| 8 U.S.C. § 1324(a)(1) | 16 | Transporting Aliens | Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment |
| 18 U.S.C. §§ 2, 1956(h) | 17 | Conspiracy to Launder Money | Max. 20 yrs. prison and/or $500,000; 2-3 yrs supervised release; $100 special assessment |
| 8 U.S.C. §§ 1324(a), (b) | 18 | Forfeiture | Forfeiture of assets and property derived from proceeds traceable to violations of 8 U.S.C. §1324 |

| TITLE/SECTION | COUNT | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| *18 U.S.C. § 982(a)(1)* | *20* | *Money Laundering Forfeiture* | *Forfeiture of assets and property derived from money laundering activities in violation of 18 U.S.C. §§ 1956(h)* |

Date:    May _____, 2002

AUSA: Rafael M. Gonzalez, Jr.
Telephone No.:  (208) 334-1211

## ●CRIMINAL  COVERSHEET ●

DEFENDANT'S NAME:    Javier CHAVEZ-Herrera

**Juvenile:**    No

DEFENDANT'S
STREET ADDRESS:

**Service
Type:**   Warrant/**SECRET**

**Interpreter:**   Yes
If yes, language: Spanish

DEFENSE ATTORNEY:
Address

Telephone No.:
INVESTIGATING
AGENCY & AGENT:        S/A Jim Hilverda (FBI)
                                (208) 733-5720
                                S/A Greg Gleason (IRS)
                                (208) 334-1000

CR - 0 2   9 4   S BLW

---

**CASE INFORMATION:** (List any miscellaneous, magistrate, CVB or other related defendants/case numbers.)
N/A

---

## CRIMINAL  CHARGING  INFORMATION

---

| _ Complaint | YES  Indictment | _  Information | _ Superseding Indictment |
|---|---|---|---|
| YES  Felony | ___Class A Misdemeanor | _  Class B or C Misdemeanor (Petty Offense) | |
| County of Offense: Blaine | | Estimated Trial Time:   10-12 Days | |

| *TITLE/SECTION* | *COUNTS* | *BRIEF DESCRIPTION* | *PENALTIES* *(Include Supervised Release and Special Assessments)* |
|---|---|---|---|
| *18 U.S.C. § 371* | *1* | *Conspiracy* | *Max. 5 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment* |
| *18 U.S.C. § 1546(a)* | *4, 6, 8* | *False Immigration Documents* | *Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment - each count* |
| *42 U.S.C. § 408(a)(7)(C)* | *5, 7, 9* | *Sale of Fraudulent Social Security Card* | *Max. 5 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment - each count* |

| TITLE/SECTION | COUNT | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(v) | 12 | Conspiracy to Smuggle Aliens | Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment |
| 8 U.S.C. § 1324(a)(1) | 13, 14, 15 | Transporting Aliens | Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment - each count |
| 18 U.S.C. §§ 2, 1956(h) | 17 | Conspiracy to Launder Money | Max. 20 yrs. prison and/or $500,000; 2-3 yrs supervised release; $100 special assessment |
| 8 U.S.C. §§ 1324(a), (b) | 18 | Forfeiture | Forfeiture of assets and property derived from proceeds traceable to violations of 8 U.S.C. §1324 |
| 18 U.S.C. §§ 1546(a), 981(a)(1)(C), 28 U.S.C. 2461(c) | 19 | Forfeiture | Forfeiture of vehicles, vessels, aircraft, other means of conveyance regarding violations of 8 U.S.C. § 1546(a) |
| 18 U.S.C. § 982(a)(1) | 20 | Money Laundering Forfeiture | Forfeiture of assets and property derived from money laundering activities in violation of 18 U.S.C. §§ 1956(h) |

Date:    May _____, 2002

AUSA: Rafael M. Gonzalez, Jr.
Telephone No.:  (208) 334-1211

# ●CRIMINAL COVERSHEET●

**DEFENDANT'S NAME:**   Lucia HERRERA-Ceja

**Juvenile:**   No

**DEFENDANT'S
STREET ADDRESS:**

**Service
Type:**   Warrant/**SECRET**

**Interpreter:**   Yes
If yes, language: **Spanish**

**DEFENSE ATTORNEY:**
Address

Telephone No.:
**INVESTIGATING
AGENCY & AGENT:**   S/A Jim Hilverda (FBI)
(208) 733-5720
S/A Greg Gleason (IRS)
(208) 334-1000

CR-02   94  S BLW

**CASE INFORMATION:** (List any miscellaneous, magistrate, CVB or other related defendants/case numbers.)
N/A

## CRIMINAL CHARGING INFORMATION

| _ Complaint | <u>YES</u> Indictment | _ Information | _ Superseding Indictment |
|---|---|---|---|
| <u>YES</u> Felony | ___Class A Misdemeanor | _ Class B or C Misdemeanor (Petty Offense) | |
| County of Offense: <u>Blaine</u> | | Estimated Trial Time:   <u>10-12 Days</u> | |

| TITLE/SECTION | COUNTS | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| *18 U.S.C. § 371* | *1* | *Conspiracy* | *Max. 5 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment* |
| *18 U.S.C. § 1546(a)* | *8* | *False Immigration Documents* | *Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment* |
| *42 U.S.C. § 408(a)(7)(C)* | *9* | *Sale of Fraudulent Social Security Card* | *Max. 5 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment* |
| *18 U.S.C. §§ 2, 1956(h)* | *17* | *Conspiracy to Launder Money* | *Max. 20 yrs. prison and/or $500,000; 2-3 yrs supervised release; $100 special assessment* |

| TITLE/SECTION | COUNT | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| 18 U.S.C. §§ 1546(a), 981(a)(1)(C), 28 U.S.C. 2461(c) | 19 | Forfeiture | Forfeiture of vehicles, vessels, aircraft, other means of conveyance regarding violations of 8 U.S.C. § 1546(a) |
| 18 U.S.C. § 982(a)(1) | 20 | Money Laundering Forfeiture | Forfeiture of assets and property derived from money laundering activities in violation of 18 U.S.C. §§ 1956(h) |

Date:    May _____, 2002

AUSA: Rafael M. Gonzalez, Jr.
Telephone No.: (208) 334-1211

# CRIMINAL COVERSHEET

| | |
|---|---|
| **DEFENDANT'S NAME:**   Pier HERRERA-Ceja | **Juvenile:**   No |
| **DEFENDANT'S STREET ADDRESS:** | **Service Type:**   Warrant/**SECRET** |
| | **Interpreter:**   Yes |
| **DEFENSE ATTORNEY:** Address | If yes, language: Spanish |
| Telephone No.: **INVESTIGATING AGENCY & AGENT:**   S/A Jim Hilverda (FBI) (208) 733-5720 S/A Greg Gleason (IRS) (208) 334-1000 | CR – 02   94  S 819 |

> **CASE INFORMATION:** (List any miscellaneous, magistrate, CVB or other related defendants/case numbers.)
> N/A

# CRIMINAL CHARGING INFORMATION

| _ Complaint | YES_ Indictment | _ Information | _ Superseding Indictment |
|---|---|---|---|
| YES_ Felony | ___Class A Misdemeanor | | _ Class B or C Misdemeanor (Petty Offense) |
| County of Offense: Blaine_ | | Estimated Trial Time:   10-12 Days | |

| TITLE/SECTION | COUNTS | BRIEF DESCRIPTION | PENALTIES *(Include Supervised Release and Special Assessments)* |
|---|---|---|---|
| *18 U.S.C. § 371* | *1* | *Conspiracy* | *Max. 5 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment* |
| *18 U.S.C. § 1546(a)* | *10* | *False Immigration Documents* | *Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment* |
| *42 U.S.C. § 408(a)(7)(C)* | *11* | *Sale of Fraudulent Social Security Card* | *Max. 5 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment* |
| *8 U.S.C. § 1324(a)(1)(A)(v)* | *12* | *Conspiracy to Smuggle Aliens* | *Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment* |

| TITLE/SECTION | COUNT | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| 8 U.S.C. § 1324(a)(1) | 15, 16 | Transporting Aliens | Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment - each count |
| 18 U.S.C. §§ 2, 1956(h) | 17 | Conspiracy to Launder Money | Max. 20 yrs. prison and/or $500,000; 2-3 yrs supervised release; $100 special assessment |
| 8 U.S.C. §§ 1324(a), (b) | 18 | Forfeiture | Forfeiture of assets and property derived from proceeds traceable to violations of 8 U.S.C. §1324 |
| 18 U.S.C. §§ 1546(a), 981(a)(1)(C), 28 U.S.C. 2461(c) | 19 | Forfeiture | Forfeiture of vehicles, vessels, aircraft, other means of conveyance regarding violations of 8 U.S.C. § 1546(a) |
| 18 U.S.C. § 982(a)(1) | 20 | Money Laundering Forfeiture | Forfeiture of assets and property derived from money laundering activities in violation of 18 U.S.C. §§ 1956(h) |

Date:    May _____, 2002

AUSA: Rafael M. Gonzalez, Jr.
Telephone No.: (208) 334-1211

# CRIMINAL COVERSHEET

| | |
|---|---|
| **DEFENDANT'S NAME:** Humberto HERRERA-Ceja | **Juvenile:** No |
| **DEFENDANT'S STREET ADDRESS:** | **Service Type:** Warrant/**SECRET** |
| | **Interpreter:** Yes |
| **DEFENSE ATTORNEY:** Address | If yes, language: Spanish |
| Telephone No.: | CR - 02   94   BLW |

**INVESTIGATING AGENCY & AGENT:**   S/A Jim Hilverda (FBI)
(208) 733-5720
S/A Greg Gleason (IRS)
(208) 334-1000

**CASE INFORMATION:** (List any miscellaneous, magistrate, CVB or other related defendants/case numbers.)
N/A

## CRIMINAL CHARGING INFORMATION

| _ Complaint | YES Indictment | _ Information | _ Superseding Indictment |
|---|---|---|---|
| YES Felony | __Class A Misdemeanor | _ Class B or C Misdemeanor (Petty Offense) | |
| County of Offense: Blaine | | Estimated Trial Time: 10-12 Days | |

| TITLE/SECTION | COUNTS | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| *18 U.S.C. § 371* | *1* | *Conspiracy* | *Max. 5 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment* |
| *18 U.S.C. § 1546(a)* | *6* | *False Immigration Documents* | *Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment* |
| *42 U.S.C. § 408(a)(7)(C)* | *7* | *Sale of Fraudulent Social Security Card* | *Max. 5 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment* |
| *8 U.S.C. § 1324(a)(1)(A)(v)* | *12* | *Conspiracy to Smuggle Aliens* | *Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment* |

| TITLE/SECTION | COUNT | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| 8 U.S.C. § 1324(a)(1) | 15 | Transporting Aliens | Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment |
| 18 U.S.C. §§ 2, 1956(h) | 17 | Conspiracy to Launder Money | Max. 20 yrs. prison and/or $500,000; 2-3 yrs supervised release; $100 special assessment |
| 8 U.S.C. §§ 1324(a), (b) | 18 | Forfeiture | Forfeiture of assets and property derived from proceeds traceable to violations of 8 U.S.C. §1324 |
| 18 U.S.C. §§ 1546(a), 981(a)(1)(C), 28 U.S.C. 2461(c) | 19 | Forfeiture | Forfeiture of vehicles, vessels, aircraft, other means of conveyance regarding violations of 8 U.S.C. § 1546(a) |
| 18 U.S.C. § 982(a)(1) | 20 | Money Laundering Forfeiture | Forfeiture of assets and property derived from money laundering activities in violation of 18 U.S.C. §§ 1956(h) |

Date:   May _____, 2002

AUSA: Rafael M. Gonzalez, Jr.
Telephone No.:  (208) 334-1211

# CRIMINAL COVERSHEET

**DEFENDANT'S NAME:**   Rodrigo HERRERA-Ceja

**Juvenile:**   No

**DEFENDANT'S
STREET ADDRESS:**

**Service
Type:**   Warrant/**SECRET**

**Interpreter:**   Yes
If yes, language: Spanish

**DEFENSE ATTORNEY:**
Address

Telephone No.:

CR-02   94   S BLW

**INVESTIGATING
AGENCY & AGENT:**   S/A Jim Hilverda (FBI)
                              (208) 733-5720
                    S/A Greg Gleason (IRS)
                              (208) 334-1000

**CASE INFORMATION:** (List any miscellaneous, magistrate, CVB or other related defendants/case numbers.)
N/A

## CRIMINAL CHARGING INFORMATION

| _ Complaint | YES Indictment | _ Information | _ Superseding Indictment |
|---|---|---|---|
| YES Felony | ___Class A Misdemeanor | _ Class B or C Misdemeanor (Petty Offense) | |
| County of Offense: Blaine | | Estimated Trial Time:   10-12 Days | |

| TITLE/SECTION | COUNTS | BRIEF DESCRIPTION | PENALTIES *(Include Supervised Release and Special Assessments)* |
|---|---|---|---|
| *18 U.S.C. § 371* | *1* | *Conspiracy* | *Max. 5 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment* |
| *18 U.S.C. § 1546(a)* | *2, 6* | *False Immigration Documents* | *Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment - each count* |
| *42 U.S.C. § 408(a)(7)(C)* | *3, 7* | *Sale of Fraudulent Social Security Card* | *Max. 5 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment - each count* |

| TITLE/SECTION | COUNT | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| *8 U.S.C. § 1324(a)(1)(A)(v)* | *12* | **Conspiracy to Smuggle Aliens** | **Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment** |
| *18 U.S.C. §§ 2, 1956(h)* | *17* | **Conspiracy to Launder Money** | **Max. 20 yrs. prison and/or $500,000; 2-3 yrs supervised release; $100 special assessment** |
| *8 U.S.C. §§ 1324(a), (b)* | *18* | **Forfeiture** | **Forfeiture of assets and property derived from proceeds traceable to violations of 8 U.S.C. §1324** |
| *18 U.S.C. §§ 1546(a), 981(a)(1)(C), 28 U.S.C. 2461(c)* | *19* | **Forfeiture** | **Forfeiture of vehicles, vessels, aircraft, other means of conveyance regarding violations of 8 U.S.C. § 1546(a)** |
| *18 U.S.C. § 982(a)(1)* | *20* | **Money Laundering Forfeiture** | **Forfeiture of assets and property derived from money laundering activities in violation of 18 U.S.C. §§ 1956(h)** |

Date:    May _____, 2002

AUSA: Rafael M. Gonzalez, Jr.
Telephone No.:  (208) 334-1211

# ● CRIMINAL COVERSHEET ●

DEFENDANT'S NAME:   Audelia CEJA-Guitierrez          **Juvenile:**   No

DEFENDANT'S
STREET ADDRESS:

**Service
Type:**   Warrant/**SECRET**

**Interpreter:**   Yes
If yes, language: Spanish

DEFENSE ATTORNEY:
Address

CR - 02   94   S BLW

Telephone No.:
INVESTIGATING
AGENCY & AGENT:        S/A Jim Hilverda (FBI)
                      (208) 733-5720
                      S/A Greg Gleason (IRS)
                      (208) 334-1000

**CASE INFORMATION:** (List any miscellaneous, magistrate, CVB or other related defendants/case numbers.)
N/A

## CRIMINAL CHARGING INFORMATION

| _ Complaint | YES_ Indictment | _ Information | _ Superseding Indictment |
|---|---|---|---|
| YES_ Felony | ___Class A Misdemeanor | _ Class B or C Misdemeanor (Petty Offense) | |
| County of Offense: Blaine | | Estimated Trial Time:   10-12 Days | |

| TITLE/SECTION | COUNTS | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| 18 U.S.C. § 371 | 1 | Conspiracy | Max. 5 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment |
| 18 U.S.C. § 1546(a) | 2, 10 | False Immigration Documents | Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment - each count |
| 42 U.S.C. § 408(a)(7)(C) | 3, 11 | Sale of Fraudulent Social Security Card | Max. 5 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment - each count |

| TITLE/SECTION | COUNT | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| *18 U.S.C. §§ 2, 1956(h)* | 17 | *Conspiracy to Launder Money* | *Max. 20 yrs. prison and/or $500,000; 2-3 yrs supervised release; $100 special assessment* |
| *18 U.S.C. §§ 1546(a), 981(a)(1)(C), 28 U.S.C. 2461(c)* | 19 | *Forfeiture* | *Forfeiture of vehicles, vessels, aircraft, other means of conveyance regarding violations of 8 U.S.C. § 1546(a)* |
| *18 U.S.C. § 982(a)(1)* | 20 | *Money Laundering Forfeiture* | *Forfeiture of assets and property derived from money laundering activities in violation of 18 U.S.C. §§ 1956(h)* |

Date:   May _____, 2002

AUSA: Rafael M. Gonzalez, Jr.
Telephone No.:  (208) 334-1211

# CRIMINAL COVERSHEET

DEFENDANT'S NAME:   Francisco HERRERA-Ceja

Juvenile:   No

DEFENDANT'S
STREET ADDRESS:

**Service
Type:**   Warrant/**SECRET**

**Interpreter:**   Yes
If yes, language: Spanish

DEFENSE ATTORNEY:
Address

CR-02   94  S BLW

Telephone No.:
INVESTIGATING
AGENCY & AGENT:     S/A Jim Hilverda (FBI)
                              (208) 733-5720
                    S/A Greg Gleason (IRS)
                              (208) 334-1000

**CASE INFORMATION:** (List any miscellaneous, magistrate, CVB or other related defendants/case numbers.)
N/A

## CRIMINAL CHARGING INFORMATION

| _ Complaint | YES Indictment | _ Information | _ Superseding Indictment |
| --- | --- | --- | --- |
| YES Felony | ___Class A Misdemeanor | _ Class B or C Misdemeanor (Petty Offense) | |
| County of Offense: Blaine | | Estimated Trial Time:   10-12 Days | |

| TITLE/SECTION | COUNTS | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
| --- | --- | --- | --- |
| 18 U.S.C. § 371 | 1 | Conspiracy | Max. 5 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment |
| 8 U.S.C. § 1324(a)(1)(A)(v) | 12 | Conspiracy to Smuggle Aliens | Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment |
| 8 U.S.C. § 1324(a)(1) | 15, 16 | Transporting Aliens | Max. 10 yrs. prison and/or $250,000 fine; 2-3 yrs. supervised release; $100 special assessment - each count |

| TITLE/SECTION | COUNT | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| 18 U.S.C. §§ 2, 1956(h) | 17 | Conspiracy to Launder Money | Max. 20 yrs. prison and/or $500,000; 2-3 yrs supervised release; $100 special assessment |
| 8 U.S.C. §§ 1324(a), (b) | 18 | Forfeiture | Forfeiture of assets and property derived from proceeds traceable to violations of 8 U.S.C. §1324 |
| 18 U.S.C. §§ 1546(a), 981(a)(1)(C), 28 U.S.C. 2461(c) | 19 | Forfeiture | Forfeiture of vehicles, vessels, aircraft, other means of conveyance regarding violations of 8 U.S.C. § 1546(a) |
| 18 U.S.C. § 982(a)(1) | 20 | Money Laundering Forfeiture | Forfeiture of assets and property derived from money laundering activities in violation of 18 U.S.C. §§ 1956(h) |

Date:    May _____, 2002

AUSA: Rafael M. Gonzalez, Jr.
Telephone No.:  (208) 334-1211